# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NITETEK LICENSING LLC,<br><br>        Plaintiff,<br>v.<br><br>JUNIPER NETWORKS, INC.,<br><br>        Defendant. | Civil Action No. 1:21-CV-01225-MN |

## JUNIPER NETWORKS, INC.'S OPENING BRIEF IN SUPPORT OF MOTION TO DISMISS NITETEK LICENSING LLC'S COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(B)(6)

*Of Counsel:*

Megan Olesek
Marc David Peters
Louis L. Wai
TURNER BOYD LLP
702 Marshall Street, Suite 640
Redwood City, CA 94063
olesek@turnerboyd.com
mdpeters@turnerboyd.com
wai@turnerboyd.com

Kenneth L. Dorsney (#3726)
Cortlan S. Hitch (#6720)
MORRIS JAMES LLP
500 Delaware Ave., Ste. 1500
Wilmington, DE 19801-1494
(302) 888-6800
kdorsney@morrisjames.com
chitch@morrisjames.com

*Attorneys for Defendant
Juniper Networks, Inc.*

Dated: October 25, 2021

# TABLE OF CONTENTS

I. NATURE AND STAGE OF PROCEEDINGS ........................................................................... 1

II. SUMMARY OF ARGUMENT ................................................................................................ 1

III. STATEMENT OF FACTS ...................................................................................................... 2

IV. LEGAL STANDARD ............................................................................................................. 3

V. ARGUMENT .......................................................................................................................... 3

   A. Plaintiff's Sole Count for Direct Infringement Must be Dismissed ................................... 4

      1. Plaintiff Does Not Allege that Juniper, Alone, Performs or Has Performed Every Step of the Claimed Methods ................................................................................................... 4

      2. To the Extent Plaintiff Alleges Divided Infringement, Plaintiff Fails to Plead the Requirements of Divided Infringement ...................................................................... 7

   B. Plaintiff's Allegations of Infringement by "EV-Box's Meet BusinessLine" Must be Dismissed ................................................................................................................................ 8

   C. Plaintiff's Allegations that the Asserted Method Claims Are Infringed by Making, Offering to Sell, Selling, and/or Importing Must be Dismissed ................................................... 8

   D. Plaintiff's Allegations of Continued Infringement Must be Dismissed .............................. 9

VI. CONCLUSION ....................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Cases**

*Anderson v. Kimberly-Clark Corp.*,
　570 F. App'x 927 (Fed. Cir. 2014) .................................................................................................. 3

*Ashcroft v. Iqbal*,
　556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ......................................................... 3, 8

*Fowler v. UPMC Shadyside*,
　578 F.3d 203 (3d Cir. 2009) ............................................................................................................ 3

*Kajeet, Inc. v. Gryphon Online Safety, Inc.*,
　No. 1:19-cv-02370-MN, 2021 WL 780737 (D. Del. Mar. 1, 2021) ............................... 3, 4, 6, 9

*LoganTree LP v. Omron Healthcare, Inc.*,
　No. 1-18-cv-01617-MN, 2019 WL 4538730 (D. Del. Sept. 19, 2019) ............................... 4, 6, 8

*Mayer v. Belichick*,
　605 F.3d 223 (3d Cir. 2010) ............................................................................................................ 3

*Ormco Corp. v. Align Tech., Inc.*,
　463 F.3d 1299 (Fed. Cir. 2006) ...................................................................................................... 9

*Phillips v. Cnty. of Allegheny*,
　515 F.3d 224 (3d Cir. 2008) ............................................................................................................ 3

*Sapphire Crossing, LLC. v. Sansan Corp.*,
　No. CV 1:20-cv-01136-MN-CJB, 2021 WL 1299506 (D. Del. Apr. 7, 2021) .......................... 7

*Secured Mail Sols. LLC v. Universal Wilde, Inc.*,
　873 F.3d 905 (Fed. Cir. 2017) ........................................................................................................ 3

**Statutes**
35 U.S.C. § 154 ...................................................................................................................................... 9

**Rules**
Fed. R. Civ. P. 12(b)(6) ........................................................................................................................ 3

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Juniper Networks, Inc. ("Juniper") respectfully moves to dismiss Plaintiff Nitetek Licensing LLC's ("Plaintiff") complaint.

## I.     NATURE AND STAGE OF PROCEEDINGS

This is a patent infringement case.  Plaintiff appears to be a patent assertion entity registered in Texas on May 12, 2020, which allegedly became the assignee of the patent-in-suit on May 14, 2020.  *See* D.I. 1 at ¶¶ 1, 7.  Since then, Plaintiff has asserted the same patent in 22 different patent infringement lawsuits (12 of which are in this District) against defendants from a host of different industries.  Most of the cases were dismissed before a response to the complaint was filed.  In four of the prior cases, the validity of the asserted patent was challenged pursuant to 35 U.S.C. § 101 for claiming non-patentable subject matter.  *See Nitetek Licensing LLC v. EVBoxNorth America, Inc.,* No. 1:21-cv-04738-DLC, D.I. 14 (S.D.N.Y. filed May 26, 2021); *Nitetek Licensing LLC v. KROHNE, Inc.,* No 1:21-cv-00791-MN, D.I. 86 (D. Del. filed May 28, 2021); *Nitetek Licensing LLC v. Particle Industries, Inc.,* No. 1:21-cv-00790-MN, D.I. 11 (D. Del. filed May 28, 2021); and *Nitetek Licensing LLC v. Hillstone Networks Corp.,* No. 1:21-cv-00789-MN, D.I. 9 (D. Del. filed May 28, 2021).  Each time, Plaintiff dismissed the case before responding to the defendant's Section 101 motion.

Plaintiff filed the instant action against Juniper on August 26, 2021.  Juniper hereby moves to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted.

## II.    SUMMARY OF ARGUMENT

1.     Plaintiff's count for direct infringement must be dismissed because Plaintiff does not allege that Juniper performs every limitation of the asserted method claims, as required for an allegation of direct infringement.

1

2. Plaintiff's allegations of infringement by "EV-Box's Meet BusinessLine" must be dismissed because Plaintiff does not allege that Meet BusinessLine is a Juniper product.

3. Plaintiff's allegations that the asserted method claims are infringed by making, offering for sale, selling, and/or importing must be dismissed because method claims cannot be infringed by making, offering for sale, selling, and/or importing a product that performs claimed methods.

4. Plaintiff's allegations of continued infringement must be dismissed because the asserted patent is expired.

III.  **STATEMENT OF FACTS**

Plaintiff's five-page long complaint contains only one count: the alleged direct infringement of U.S. Patent No. 6,661,783 ("the '783 patent"). D.I. 1 at 2. Plaintiff alleges that the asserted method claims are infringed by Juniper "having made, used, offered to sell, sold and/or imported" products. D.I. 1 at ¶ 11. Plaintiff also alleges past and continued infringement by Juniper. D.I. 1 at ¶ 12.

Plaintiff's complaint attaches the '783 patent as Exhibit 1 and infringement claim charts as Exhibit 2. D.I. 1-1 and 1-2. The Exhibit 2 claim charts allegedly "compar[e]" the accused product against the '783 patent's method claims 3 and 4. D.I. 1 at ¶ 13. Other than method claims 3 and 4, Plaintiff does not allege Juniper infringes or infringed any other claim of the '783 patent. D.I. 1-2. Exhibit 2 mostly contains screenshots with very little text written by Plaintiff. D.I. 1-2. Exhibit 2 is substantially identical to the Exhibit 2 Plaintiff submitted in each of the other 21 patent cases filed by Plaintiff. *See, e.g., Nitetek Licensing LLC v. EVBox North America Inc.*, No. 1:21-cv-04738, D.I. 1-2 (S.D.N.Y. filed May 26, 2021). In fact, Exhibit 2 in the instant case references the accused product, "EV-Box's Meet BuisnessLine," apparently a product accused in another case involving a different defendant. *Id.* Plaintiff's threadbare filing itself

readily demonstrates that it falls short of even the bare minimum requirements to state a claim for relief.

### IV. LEGAL STANDARD

"In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all well-pleaded factual allegations in the complaint as true and view them in the light most favorable to the plaintiff." *Kajeet, Inc. v. Gryphon Online Safety, Inc.*, No. 1:19-cv-02370-MN, 2021 WL 780737, at *1 (D. Del. Mar. 1, 2021) (citing *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010) and *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232-33 (3d Cir. 2008)). "[A] court need not 'accept as true allegations that contradict matters properly subject to judicial notice or by exhibit,' such as the claims and the patent specification." *Secured Mail Sols. LLC v. Universal Wilde, Inc.*, 873 F.3d 905, 913 (Fed. Cir. 2017) (quoting *Anderson v. Kimberly-Clark Corp.*, 570 F. App'x 927, 931 (Fed. Cir. 2014)). "Dismissal under Rule 12(b)(6) is only appropriate if a complaint does not contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Kajeet*, 2021 WL 780737, at *1 (internal quotation marks omitted) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) and *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)).

### V. ARGUMENT

Plaintiff's complaint for direct patent infringement must be dismissed for four independent reasons. First, the sole count of infringement (and, therefore, the entire complaint) must be dismissed because Plaintiff fails to plead that Juniper performs or has performed every limitation of the asserted patent claims. Second, Plaintiff's allegations of infringement by "EV-Box's Meet BusinessLine" must be dismissed because Plaintiff does not allege that "Meet BusinessLine" is a Juniper product. Third, Plaintiff's allegations that method claims are infringed by making, offering to sell, selling, and/or importing must be dismissed because that is

3

not a valid claim for relief as to method claims. And fourth, Plaintiff's allegations of continued infringement must be dismissed because the patent has expired, as shown by Plaintiff's own pleading.

### A. Plaintiff's Sole Count for Direct Infringement Must be Dismissed

The only count in Plaintiff's complaint—the direct infringement of the '783 patent—must be dismissed because Plaintiff does not allege that Juniper, alone, performs or has performed every step of the asserted method claims. Plaintiff cannot save the complaint by now arguing that it was in fact alleging a theory of divided infringement, because Plaintiff fails to plead any of the requirements of divided infringement.

#### 1. *Plaintiff Does Not Allege that Juniper, Alone, Performs or Has Performed Every Step of the Claimed Methods*

"[For a method claim], a claim for direct infringement requires allegations that the defendant has performed every claimed step of [the asserted claim]." *LoganTree LP v. Omron Healthcare, Inc.,* No. 1-18-cv-01617-MN, 2019 WL 4538730, at *4 (D. Del. Sept. 19, 2019); *see also Kajeet, Inc.*, 2021 WL 780737, at *3 ("[T]o state a claim of direct infringement sufficient to withstand a motion to dismiss, a plaintiff must plead facts that plausibly suggest that the accused product meets each limitation of the asserted claim(s).")

Here, the '783 patent relates to steps performed by multiple devices. For example, asserted claim 4 recites a mobile communication method comprising "***a base station*** [performing certain steps]" and "***a mobile station*** [performing certain steps]." '783 patent at claim 4. And, for asserted claim 3, Plaintiff appears to rely on steps performed by ***both*** the ***mobile station*** (which allegedly is responsible for creating the "***uplink***" ('783 patent at 3:4-5)) and the ***base station*** (which allegedly is responsible for creating the "***downlink***" ('783 patent at 3:5-6)) for meeting the claim. *See* D.I. 1-2 at 9 (Plaintiff explaining claim 3 is met by the following: "In the

4

FDD (Frequency Division Duplex) mode the spreading factors (e.g., spreading code length) are from 256 to 2 for *uplink* and from 512 to 4 for *downlink*.") (emphasis added).

Plaintiff, however, does not allege that Juniper, alone, performs *both* the steps carried out by the *mobile station* and the *base station*. Indeed, there is only one alleged Juniper product mentioned in the claim charts—the CBA850 product—not two. The claim charts do not even map the claims to any action whatsoever that Plaintiff alleges Juniper has specifically taken; the bulk of the claim charts cite to non-Juniper documents describing the wireless 3G network standards, which appear to allegedly describe the interaction of *multiple, different pieces of equipment* controlled by *multiple, different entities*:



D.I. 1-2 at 17 (red outlining added by Plaintiff).

Where, as here, Plaintiff fails to allege that Defendant, alone, performs each and every limitation of the asserted claims, the Plaintiff's complaint must be dismissed.  For example, in *LoganTree LP*, the plaintiff alleged direct infringement of a method claim.  *LoganTree LP*, 2019 WL 4538730, at *4.  This Court dismissed that claim because "an allegation that [Defendant], itself, has performed all claimed steps is absent from the Complaint.  Instead, [Plaintiff] alleges that the Accused Products infringe [the asserted claim] when they are 'used as intended and instructed' by [Defendant] (see D.I. 1 ¶ 23), implying that a third party is performing the steps of [the asserted claim]." *Id*.

Even more recently, in *Kajeet*, the plaintiff alleged direct infringement of method and system patent claims.  *Kajeet, Inc.*, 2021 WL 780737, at *8.  This Court dismissed those claims because "[n]owhere in Plaintiff's complaint is there any allegation that the accused [] products meet each and every limitation of [the asserted claims] [and] there is no attempt to map the accused products onto the limitations of the asserted claims." *Id.* at *9.

As in the *LoganTree LP* and *Kajeet* cases, Plaintiff in this case fails to allege that Juniper, **alone**, performs **both** the steps carried out by the **mobile station** and the **base station**.  Thus, Plaintiff fails to state a claim of direct infringement of claims 3 and 4 of the '783 patent (the sole count in the complaint), and the entire complaint must be dismissed.[1]

---

[1] Plaintiff does allege in the body of the complaint that "As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '783 Patent.  Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '783 Patent Claims."  Plaintiff, however, never alleges what "Exemplary Defendant Products" refers to—whether it refers to a Juniper-only product or whether it refers to a combination of Juniper products and non-Juniper products.  When looking at the claim charts,

6

### 2. To the Extent Plaintiff Alleges Divided Infringement, Plaintiff Fails to Plead the Requirements of Divided Infringement

Plaintiff does not allege anywhere in the Complaint that Juniper is liable for divided infringement, "that is, direct infringement that occurs by way of the acts of more than one person or entity." *Sapphire Crossing, LLC. v. Sansan Corp.,* No. CV 1:20-cv-01136-MN-CJB, 2021 WL 1299506, at *3 (D. Del. Apr. 7, 2021). To the extent Plaintiff now argues it is pursuing a theory of divided infringement, such argument must be rejected because Plaintiff fails to plead the requirements of divided infringement.

"To successfully plead divided infringement, a plaintiff must allege facts 'sufficient to allow a reasonable inference that all steps of the claimed method are performed and either (1) one party exercises the requisite 'direction or control' over the others' performance or (2) the actors form a joint enterprise such that performance of every step is attributable to the controlling party.'" *Sapphire Crossing, LLC. v. Sansan Corp.,* 2021 WL 1299506, at *3. Here, Plaintiff does not plead that Juniper "exercises the requisite 'direction or control' over [another's] performance." *Id.* Plaintiff also does not plead that Juniper formed "a joint enterprise such that performance of every step is attributable to" Juniper. *Id.*

Thus, any attempt by Plaintiff to argue that it intended to plead divided infringement should be rejected, and the Court should dismiss the complaint.

---

the claim charts appear to refer to one alleged Juniper product and also to other non-Juniper devices. Thus, nowhere does Plaintiff allege that Juniper, ***alone***, performs all elements of the asserted claims—more specifically, nowhere does Plaintiff allege that Juniper, ***alone***, performs both the steps carried out by the mobile station and steps carried out by the base station.

### B. Plaintiff's Allegations of Infringement by "EV-Box's Meet BusinessLine" Must be Dismissed

Plaintiff's allegations of infringement by EV-Box's Meet BusinessLine must also be dismissed.  The body of the complaint does not identify any accused product.  Instead, it refers to "Defendant products identified in the charts."  In the attached claim charts, the title row of the charts identifies "EV-Box's Meet BusinessLine" as the accused product:

| US6661783 | EV-Box's Meet BusinessLine ("The accused product") |
|---|---|
| 3. A spreading code selection method, which selects as the spreading code for asymmetric | The accused product, at least in internal testing and usage, practices selecting as the spreading code (e.g., OVSF code as channelization code) for asymmetric communications, a hierarchic orthogonal type spreading code (e.g., hierarchical OVSF codes) which is a spreading code of a hierarchy which contains spreading codes of a longer length than spreading codes used for symmetric communication lines and is |

EV-Box's Meet BusinessLine is not mentioned again anywhere else.  Plaintiff does not allege that Juniper owns the Meet BusinessLine product.  Instead, Plaintiff appears to allege in a different case that "EV-Box" (another defendant in one of Plaintiff's 22 patent cases) owns the "Meet BusinessLine" product.  *See Nitetek Licensing LLC v. EVBox North America Inc.*, No. 1:21-cv-04738 at D.I. 1-2 (S.D.N.Y. May 26, 2021).  Plaintiff's allegations that Juniper is liable for the alleged infringement by EV-Box's Meet BusinessLine must be dismissed.  *See LoganTree LP*, 2019 WL 4538730, at *4 ("[for] a method claim, a claim for direct infringement requires allegations that ***the defendant has performed every claimed step*** of [the asserted claim].") (emphasis added); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 663, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009) ("A claim has facial plausibility when the pleaded factual content ***allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged***.") (emphasis added).

### C. Plaintiff's Allegations that the Asserted Method Claims Are Infringed by Making, Offering to Sell, Selling, and/or Importing Must be Dismissed

Plaintiff's allegations that "Defendant has directly infringed one or more claims of the '783 Patent in at least this District by having ***made***, used, ***offered to sell, sold and/or imported***,

without limitation, at least the Defendant products identified in the charts . . . ." must also be dismissed. D.I. 1 at ¶ 11. "[T]he law is clear that making, selling, offering to sell or importing a product cannot directly infringe a method claim." *Kajeet, Inc.*, No. 1:19-cv-02370-MN, 2021 WL 780737, at *1; *see also Ormco Corp. v. Align Tech., Inc.,* 463 F.3d 1299, 1311 (Fed. Cir. 2006) ("Method claims are only infringed when the claimed process is performed, not by the sale of an apparatus that is capable of infringing use."). Plaintiff's allegations that Juniper infringed the asserted method claims based on anything other than "used" must, therefore, be dismissed.

### D. Plaintiff's Allegations of Continued Infringement Must be Dismissed

Plaintiff's allegations that "Defendant also has and continues to directly infringes . . . the Exemplary '783 Patent Claims . . . ." (D.I. 1 at ¶ 12; *see also id.* at ¶¶ 11, 13) must be dismissed because it is clear from the pleading that the '783 patent has expired. A patent term "shall be for a term beginning on the date on which the patent issues and ending 20 years from the date on which the application for the patent was filed in the United States or, if the application contains a specific reference to an earlier filed application or applications under section 120, 121, 365(c), or 386(c), from the date on which the earliest such application was filed." 35 U.S.C. § 154. The '783 patent, on its face, was apparently filed on March 9, 1999, and claims priority to March 10, 1998. *See* D.I. 1 at ¶ 8; D.I. 1-1 at 2. Thus, the '783 patent expired in 2018 or 2019.[2] It is not possible for Juniper to "continue" to infringe an expired patent. Such allegations by Plaintiff must be dismissed.

---

[2] Juniper reserves the right to attempt proving an even earlier expiration date after discovery and additional analysis.

9

## VI. CONCLUSION

The Court should (1) dismiss Plaintiff's only count for direct infringement (and, therefore, the entire complaint) because Plaintiff fails to plead that Juniper performs or has performed every limitation of the asserted method claims.  Separately and additionally, the court should dismiss: (2) Plaintiff's allegations of infringement by a non-Juniper product, (3) Plaintiff's allegations that the asserted method claims are infringed by making, offering to sell, selling and/or importing a product, and (4) Plaintiff's allegations of continued infringement of an expired patent.

Dated: October 25, 2021

*Of Counsel:*

Megan Olesek
Marc David Peters
Louis L. Wai
TURNER BOYD LLP
702 Marshall Street, Suite 640
Redwood City, CA 94063
olesek@turnerboyd.com
mdpeters@turnerboyd.com
wai@turnerboyd.com

  */s/ Kenneth L. Dorsney*
Kenneth L. Dorsney (#3726)
Cortlan S. Hitch (#6720)
MORRIS JAMES LLP
500 Delaware Ave., Ste. 1500
Wilmington, DE 19801-1494
(302) 888-6800
kdorsney@morrisjames.com
chitch@morrisjames.com

*Attorneys for Defendant
Juniper Networks, Inc.*