# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **Nitetek Licensing LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**Juniper Networks, Inc.,**<br><br>Defendant. | Case No. 1:21-cv-01225<br><br>Patent Case<br><br>Jury Trial Demanded |

## AMENDED COMPLAINT FOR INFRINGEMENT OF PATENT

Now comes, Plaintiff Nitetek Licensing LLC ("Plaintiff" or "Nitetek"), by and through undersigned counsel, and respectfully alleges, states, and prays as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement under the Patent Laws of the United States, Title 35 United States Code ("U.S.C.") to prevent and enjoin Defendant Juniper Networks, Inc., (hereinafter, "Defendant"), from infringing and profiting, in an illegal and unauthorized manner, and without authorization and/or consent from Plaintiff from U.S. Patent No. 6,661,783 (hereinafter, the "'783 Patent" or "Patent-in-Suit"), which is attached hereto as **Exhibit 1**, respectively, and is incorporated herein by reference, and pursuant to 35 U.S.C. §271, and to recover damages, attorney's fees, and costs.

## THE PARTIES

2. Plaintiff is a Texas limited liability company with its principal place of business at 6001 W. Parmer Ln, Suite 370-1070, Austin, TX 78727-3908.

1

3.      Defendant Juniper Networks, Inc. is a corporation organized and existing under the laws of Delaware that maintains an established place of business at 1133 Innovation Way, Sunnyvale, California, 94089. Defendant can be served at its registered agent, The Corporation Trust Company, at Corporation Trust Center 1209 Orange St, Wilmington, DE, 19801.

4.      Plaintiff is further informed and believes, and on that basis alleges, that Defendant operates the website https://www.juniper.net/us/en.html, which is in the business of providing networking solutions. *See* https://www.juniper.net/us/en.html. Upon information and belief, Defendant derives a portion of its revenue from sales and distribution via transactions initiated from its Internet website located at https://www.juniper.net/us/en.html, and its incorporated and/or related systems (collectively, the "Juniper Website"). Plaintiff is informed and believes, and on that basis alleges, that, at all times relevant hereto, Defendant has done and continues to do business in this judicial district, including, but not limited to, providing products/services to customers located in this judicial district by way of the Juniper Website.

## JURISDICTION AND VENUE

5.      This is an action for patent infringement in violation of the Patent Act of the United States, 35 U.S.C. §§1 *et seq*.

6.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a).

7.      This Court has personal jurisdiction over Defendant by virtue of its systematic and continuous contacts with this jurisdiction and its residence in this District, as well as because of the injury to Plaintiff, and the cause of action Plaintiff has risen in this District, as alleged herein.

8.      Defendant is subject to this Court's specific and general personal jurisdiction pursuant to its substantial business in this forum, including: (i) at least a portion of the

infringements alleged herein; (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in the forum state and in this judicial District; and (iii) being incorporated in this District.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §1400(b) because Defendant resides in this District under the Supreme Court's opinion in *TC Heartland v. Kraft Foods Group Brands LLC,* 137 S. Ct. 1514 (2017) through its incorporation in this District.

## FACTUAL ALLEGATIONS

10. On December 9, 2003, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '783 Patent, entitled "CDMA TRANSMISSION APPARATUS" after a full and fair examination. The '783 Patent is attached hereto as **Exhibit 1** and incorporated herein as if fully rewritten.

11. Plaintiff is presently the owner of the '783 Patent, having received all right, title and interest in and to the '783 Patent from the previous assignee of record. Plaintiff possesses all rights of recovery under the '783 Patent, including the exclusive right to recover for past infringement.

12. The invention claimed in the '783 Patent comprises an inventive, non-abstract improvement to CDMA transmission apparatuses used for cellular systems.

13. The '783 Patent accomplishes this improvement to CDMA transmission apparatuses used for cellular systems by "providing a CDMA communication apparatus in the CDMA cellular system that, even in asymmetric communications with only the uplink , for example, can avoid a shortage of spreading codes on the downlink while carrying out open-loop transmission power control on the uplink." Ex. 1, 4:12-18.

14. The '783 Patent, in its specification and its claims, teaches specific steps to achieve the improved CDMA transmission apparatuses - "The objective is achieved during asymmetric communications through the use of a CDMA communication apparatus comprising a frame assembly section for assembling frames with a known reference signal and transmission power bit and a transmission rate control section for setting a lower transmission rate of a transmission signal composed of the known reference signal and transmission power bit above than the transmission rate for symmetric communications." *Id.* at 4:19-27.

15. The '783 Patent contains ten (10) total claims with six (6) claims being independent claims.

16. For example, Claim 3 of the '783 Patent states:

> 3. A spreading code selection method, which selects as the spreading code for asymmetric communications, a hierarchic orthogonal type spreading code which is a spreading code of a hierarchy which contains spreading codes of a longer length than spreading codes used for symmetric communication lines and is orthogonal to spreading codes used for other asymmetric communication lines.

*See* Exhibit 1.

17. Defendant commercializes, inter alia, a device having all the elements and components recited in at least one claim of the '783 Patent. More particularly, Defendant commercializes, inter alia, a device as recited in Claims 3 and 4 of the '783 Patent. Specifically, Defendant makes, uses, sells, offers for sale, or imports a device that encompasses that which is covered by at least Claims 3 and 4 of the '783 Patent.

**DEFENDANT'S PRODUCTS**

18. During the enforceability period of the Patents-in-Suit, Defendant offered solutions, such as the "Juniper CBA850 Wireless WAN Bridge" (hereinafter, the "Accused

Product"). A non-limiting and exemplary claim chart comparing the Accused Product to Claims 3 and 4 of the '783 Patent is attached hereto as **Exhibit 2** and is incorporated herein as if fully rewritten.

19. As recited in Claim 3 of the '783 Patent, the Accused Product, at least in internal testing and usage, practices selecting as the spreading code (e.g., OVSF code as channelization code) for asymmetric communications, a hierarchic orthogonal type spreading code (e.g., hierarchical OVSF codes) which is a spreading code of a hierarchy which contains spreading codes of a longer length than spreading codes used for symmetric communication lines and is orthogonal to spreading codes used for other asymmetric communication lines. *See* Exhibit 2.

20. As recited in Claim 3 of the '783 Patent, the Accused Product provides different users in UMTS-FDD using different spreading codes which are mutually orthogonal and therefore spreading codes for asymmetric communication line between a user and a base station and that of another user and the base station respectively happen to be orthogonal. The Accused Product is equipped with UMTS which has UMTS-FDD as one of its variants. *See* Exhibit 2.

21. Defendant's use of the Accused Product is enabled by the device described in the Patent-in-Suit.

## COUNT I:

## INFRINGEMENT OF THE '783 PATENT

22. Plaintiff realleges and incorporates by reference all of the allegations set forth in the preceding Paragraphs.

23. In violation of 35 U.S.C. §271, Defendant has directly infringed the '783 Patent.

24. Defendant has directly infringed at least one claim of the '783 Patent by using, at least through internal testing or otherwise, the Accused Product without authority in the United

States. As a direct and proximate result of Defendant's direct infringement of the '783 Patent, Plaintiff has been damaged.

26. By engaging in the conduct described herein, Defendant has injured Plaintiff and is thus liable for infringement of the '783 Patent, pursuant to 35 U.S.C. §271.

26. Defendant has committed these acts of infringement without license or authorization.

27. As a result of Defendant's infringement of the '783 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

28. Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the claim charts that it provides with this Complaint. The claim chart depicted in Exhibit 2 is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure and does not represent Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

## **DEMAND FOR JURY TRIAL**

29. Plaintiff demands a trial by jury of any and all causes of action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

a. That Defendant be adjudged to have directly infringed the '783 Patent either literally or under the doctrine of equivalents;

b. An accounting of all infringing sales and damages including, but not limited to, those sales and damages not presented at trial;

      c.  An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Plaintiff for the Defendant's past infringement, including compensatory damages;

      d.  An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. §284;

      e.  That Defendant be directed to pay enhanced damages, including Plaintiff's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

      f.  That Plaintiff be granted such other and further relief as this Court may deem just and proper.

Dated: November 8, 2021

Respectfully submitted,

CHONG LAW FIRM PA

*/s/ Jimmy Chong*
Jimmy Chong (#4839)
2961 Centerville Road, Suite 350
Wilmington, DE 19808
Telephone: (302) 999-9480
Facsimile: (302) 800-1999
Email: chong@chonglawfirm.com

**Counsel for Plaintiff**
**Nitetek Licensing LLC**