# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **Nitetek Licensing LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**Juniper Networks, Inc.,**<br><br>Defendant. | Case No. 1:21-cv-01225[insert]<br><br>Patent Case<br><br>Jury Trial Demanded |

COMPLAINT FOR PATENT INFRINGEMENT

## AMENDED COMPLAINT FOR INFRINGEMENT OF PATENT

Now comes, Plaintiff Nitetek Licensing LLC ("Plaintiff"), " or "Nitetek"), by and through its attorneys, complains of undersigned counsel, and respectfully alleges, states, and prays as follows:

## NATURE OF THE ACTION

This is an action for patent infringement under the Patent Laws of the United States, Title 35 United States Code ("U.S.C.") to prevent and enjoin Defendant Juniper Networks, Inc. ("Defendant"), and alleges the following:

## PARTIES

1.       ., (hereinafter, "Defendant"), from infringing and profiting, in an illegal and unauthorized manner, and without authorization and/or consent from Plaintiff from U.S. Patent No. Nitetek Licensing LLC6,661,783 (hereinafter, the "'783 Patent" or "Patent-in-Suit"), which is attached hereto as **Exhibit 1**, respectively, and is incorporated herein by reference, and pursuant to 35 U.S.C. §271, and to recover damages, attorney's fees, and costs.

**THE PARTIES**

~~1.~~2.     Plaintiff is a ~~corporation organized and existing under the laws of~~ Texas ~~that maintains~~limited liability company with its principal place of business at 6001 W. Parmer Ln~~., Ste.~~ Suite 370~~, ~~1070, Austin, TX 78727-3908.

~~2.~~3.     Defendant Juniper Networks, Inc. is a corporation organized and existing under the laws of Delaware that maintains an established place of business at 1133 Innovation Way, Sunnyvale, California, 94089. Defendant can be served at its registered agent, The Corporation Trust Company, at Corporation Trust Center 1209 Orange St, Wilmington, DE, 19801.

~~JURISDICTION~~

4.     Plaintiff is further informed and believes, and on that basis alleges, that Defendant operates the website  https://www.juniper.net/us/en.html, which is in the business of providing networking solutions.  *See* https://www.juniper.net/us/en.html. Upon information and belief, Defendant derives a portion of its revenue from sales and distribution via transactions initiated from its Internet website located at https://www.juniper.net/us/en.html, and its incorporated and/or related systems (collectively, the "Juniper Website").  Plaintiff is informed and believes, and on that basis alleges, that, at all times relevant hereto, Defendant has done and continues to do business in this judicial district, including, but not limited to, providing products/services to customers located in this judicial district by way of the Juniper Website.

**JURISDICTION AND VENUE**

~~3.~~5.     This is an action for patent infringement ~~arising under~~in violation of the ~~patent laws~~Patent Act of the United States, ~~Title ~~35 ~~of the United States Code~~U.S.C. §§1 *et seq*.

**Formatted:** Default, Justified, Indent: Left: 0", First line: 0.5", Line spacing: Double, Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.25" + Tab after: 0.5" + Indent at: 0.5", Tab stops: 0", List tab + Not at 0.5"

**Formatted:** Font: Times New Roman, Font color: Auto

**Formatted:** Font: Times New Roman, Font color: Auto

**Formatted:** Font: Times New Roman, Font color: Auto

**Formatted:** Font: Times New Roman, Font color: Auto

**Formatted:** Font: Times New Roman, Font color: Auto

**Formatted:** Font: Times New Roman, Font color: Auto

**Formatted:** Font: Times New Roman, Font color: Auto

**Formatted:** Font: Times New Roman, Font color: Auto

**Formatted:** Font: Times New Roman, Font color: Auto

**Formatted:** Font: Times New Roman, Font color: Auto

**Formatted:** Default, Justified, Indent: Left: 0", First line: 0.5", Line spacing: Double, Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.25" + Tab after: 0.5" + Indent at: 0.5", Tab stops: Not at 0.5"

**Formatted:** Font: Times New Roman, Font color: Auto

**Formatted:** Font: Times New Roman, Font color: Auto

**Formatted:** Font: Times New Roman, Font color: Auto

**Formatted:** Font: Times New Roman, Font color: Auto

**Formatted:** Centered, Position: Horizontal: Left, Relative to: Column, Vertical: In line, Relative to: Margin, Wrap Around

**Formatted:** Default Paragraph Font

4.6. ~~This~~The Court has ~~exclusive~~ subject matter jurisdiction ~~under~~over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant ~~because it has engaged in~~ by virtue of its systematic and continuous ~~business activities~~contacts with this jurisdiction and its residence in this District ~~and is incorporated in this District's state. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.~~

<div align="center">

**VENUE**

</div>

6.7. Venue is proper in this District under 28 U.S.C. § ~~1400(b) because Defendant has committed acts of patent infringement~~, as well as because of the injury to Plaintiff, and the cause of action Plaintiff has risen in this District ~~and is incorporated in this District's state~~, as alleged herein.

<div align="center">

**PATENT-IN-SUIT**

</div>

8. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in the forum state and in this judicial District; and (iii) being incorporated in this District.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §1400(b) because Defendant resides in this District under the Supreme Court's opinion in *TC Heartland v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514 (2017) through its incorporation in this District.

**FACTUAL ALLEGATIONS**

10.    On December 9, 2003, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '783 Patent, entitled "CDMA TRANSMISSION APPARATUS" after a full and fair examination. The '783 Patent is attached hereto as **Exhibit 1** and incorporated herein as if fully rewritten.

11.    Plaintiff is presently the assigneeowner of the '783 Patent, having received all right, title and interest in United Statesand to the '783 Patent from the previous assignee of record. Patent No. 6,661,783 (the "Patent-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, Plaintiff possesses all rights of recovery under the '783 Patent, including the exclusive right and standing to prosecuterecover for past infringement.

12.    The invention claimed in the present action'783 Patent comprises an inventive, non-abstract improvement to CDMA transmission apparatuses used for cellular systems.

13.    The '783 Patent accomplishes this improvement to CDMA transmission apparatuses used for cellular systems by "providing a CDMA communication apparatus in the CDMA cellular system that, even in asymmetric communications with only the uplink , for example, can avoid a shortage of spreading codes on the downlink while carrying out open-loop transmission power control on the uplink." Ex. 1, 4:12-18.

14.    The '783 Patent, in its specification and its claims, teaches specific steps to achieve the improved CDMA transmission apparatuses - "The objective is achieved during asymmetric

44

communications through the use of a CDMA communication apparatus comprising a frame assembly section for assembling frames with a known reference signal and transmission power bit and a transmission rate control section for setting a lower transmission rate of a transmission signal composed of the known reference signal and transmission power bit above than the transmission rate for symmetric communications." *Id.* at 4:19-27.

15.     The '783 Patent contains ten (10) total claims with six (6) claims being independent claims.

16.     For example, Claim 3 of the '783 Patent states:

> 3.  A spreading code selection method, which selects as the spreading code for asymmetric communications, a hierarchic orthogonal type spreading code which is a spreading code of a hierarchy which contains spreading codes of a longer length than spreading codes used for symmetric communication lines and is orthogonal to spreading codes used for other asymmetric communication lines.

*See* Exhibit 1.

17. Defendant commercializes, inter alia, a device having all the elements and components recited in at least one claim of the '783 Patent. More particularly, Defendant commercializes, inter alia, a device as recited in Claims 3 and 4 of the '783 Patent. Specifically, Defendant makes, uses, sells, offers for sale, or imports a device that encompasses that which is covered by at least Claims 3 and 4 of the '783 Patent.

**DEFENDANT'S PRODUCTS**

18.     During the enforceability period of the Patents-in-Suit, Defendant offered solutions, such as the "Juniper CBA850 Wireless WAN Bridge" (hereinafter, the "Accused Product"). A non-limiting and exemplary claim chart comparing the Accused Product to Claims 3

**Formatted:** Centered, Position: Horizontal: Left, Relative to: Column, Vertical: In line, Relative to: Margin, Wrap Around

**Formatted:** Default Paragraph Font

and 4 of the '783 Patent is attached hereto as **Exhibit 2** and is incorporated herein as if fully rewritten.

19.     As recited in Claim 3 of the '783 Patent, the Accused Product, at least in internal testing and usage, practices selecting as the spreading code (e.g., OVSF code as channelization code) for asymmetric communications, a hierarchic orthogonal type spreading code (e.g., hierarchical OVSF codes) which is a spreading code of a hierarchy which contains spreading codes of a longer length than spreading codes used for symmetric communication lines and is orthogonal to spreading codes used for other asymmetric communication lines.  *See* Exhibit 2.

20.     As recited in Claim 3 of the '783 Patent, the Accused Product provides different users in UMTS-FDD using different spreading codes which are mutually orthogonal and therefore spreading codes for asymmetric communication line between a user and a base station and that of another user and the base station respectively happen to be orthogonal.  The Accused Product is equipped with UMTS which has UMTS-FDD as one of its variants.  *See* Exhibit 2.

21.     Defendant's use of the Accused Product is enabled by the device described in the Patent-in-Suit.

<div align="center">

**COUNT I:**

**INFRINGEMENT OF THE '783 PATENT**

</div>

22.     Plaintiff realleges and incorporates by reference all of the allegations set forth in the preceding Paragraphs.

23.      In violation of 35 U.S.C. §271, Defendant has directly infringed the '783 Patent.

24.     Defendant has directly infringed at least one claim of the '783 Patent by using, at least through internal testing or otherwise, the Accused Product without authority in the United

**Formatted:** Centered, Position: Horizontal: Left, Relative to: Column, Vertical: In line, Relative to: Margin, Wrap Around

**Formatted:** Default Paragraph Font

States.  As a direct and proximate result of Defendant's direct infringement of the '783 Patent, Plaintiff has been damaged.

25.     By engaging in the conduct described herein, Defendant has injured Plaintiff and is thus liable for infringement of the '783 Patent, pursuant to 35 U.S.C. §271.

7.26.   Defendant has committed these acts of infringement ~~of the Patent in Suit by Defendant~~without license or authorization.

> **Formatted:** Justified, Indent: Left:  0", First line:  0.5", Line spacing:  Double, Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 17 + Alignment: Left + Aligned at:  1" + Indent at:  1.25"

27.     As a result of Defendant's infringement of the '783 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

28.     Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the claim charts that it provides with this Complaint.  The claim chart depicted in Exhibit 2 is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure and does not represent Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

<div align="center">

**DEMAND FOR JURY TRIAL**

</div>

29.     Plaintiff demands a trial by jury of any and all causes of action.

<div align="center">

**PRAYER FOR RELIEF**

</div>

WHEREFORE, Plaintiff prays for the following relief:

a.   That Defendant be adjudged to have directly infringed the '783 Patent either literally or under the doctrine of equivalents;

b.   An accounting of all infringing sales and damages including, but not limited to, those sales and damages not presented at trial;

> **Formatted:** Centered, Position: Horizontal: Left, Relative to: Column, Vertical: In line, Relative to: Margin, Wrap Around
>
> **Formatted:** Default Paragraph Font

c.   An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Plaintiff for the Defendant's past infringement, including compensatory damages;

d.   An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. §284;

e.   That Defendant be directed to pay enhanced damages, including Plaintiff's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

f.   That Plaintiff be granted such other and further relief as this Court may deem just and proper.

The '783 Patent Dated: November 8, 2021

Respectfully submitted,

CHONG LAW FIRM PA

/s/ Jimmy Chong
Jimmy Chong (#4839)
2961 Centerville Road, Suite 350
Wilmington, DE 19808
Telephone: (302) 999-9480
Facsimile: (877) 796-4627
Email: chong@chonglawfirm.com

**Inserted Cells**

8.   The '783 Patent is entitled "CDMA transmission apparatus," and issued 12/09/2003. The application leading to the '783 Patent was filed on 03/09/1999. A true and correct copy of the '783 Patent is attached hereto as Exhibit 1  and incorporated herein by reference.

9.   The '783 Patent is valid and enforceable.

**COUNT 1: INFRINGEMENT OF THE '783 PATENT**

10.   Plaintiff incorporates the above paragraphs herein by reference.

**Formatted:** Centered, Position: Horizontal: Left, Relative to: Column, Vertical: In line, Relative to: Margin, Wrap Around

**Formatted:** Default Paragraph Font

11.     **Direct Infringement**. Defendant has directly infringed one or more claims of the '783 Patent in at least this District by having made, used, offered to sell, sold and/or imported, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '783 Patent also identified in the charts incorporated into this Count below (the "Exemplary '783 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '783 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

12.     Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '783 Patent Claims, by having its employees internally test and use these Exemplary Products.

13.     Exhibit 2 includes charts comparing the Exemplary '783 Patent Claims to the Exemplary Defendant Products.  As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '783 Patent.  Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '783 Patent Claims.

14.     Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 2.

15.     Plaintiff is entitled to recover damages adequate to compensate for Defendants infringement.

Jury Demand

16.     Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

**Formatted:** Centered, Position: Horizontal: Left, Relative to: Column, Vertical: In line, Relative to: Margin, Wrap Around

**Formatted:** Default Paragraph Font

WHEREFORE, Plaintiff respectfully requests the following relief:

A.      A judgment that the '783 Patent is valid and enforceable

B.      A judgment that Defendant has infringed directly one or more claims of the '783

Patent;

C.      An accounting of all damages not presented at trial;

D.      A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284

for Defendants past infringement with respect to the '783 Patent.

E.      And, if necessary, to adequately compensate Plaintiff for Defendants infringement,

an accounting:

i.      that this case be declared exceptional within the meaning of 35 U.S.C. § 285

and that Plaintiff be awarded its reasonable attorneys fees against Defendant

that it incurs in prosecuting this action;

ii.      that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this

action; and

iii.      that Plaintiff be awarded such further relief at law or in equity as the Court

deems just and proper.

**Formatted:** Centered, Position: Horizontal: Left, Relative to: Column, Vertical: In line, Relative to: Margin, Wrap Around

**Formatted:** Default Paragraph Font

Dated: -November 8, 2021August 26, 2021

Respectfully submitted,

CHONG LAW FIRM PA

*/s/ Jimmy Chong*
Jimmy Chong (#4839)
2961 Centerville Road, Suite 350
Wilmington, DE 19808
Telephone: (302) 999-9480
Facsimile: (877) 796-4627
Email: chong@chonglawfirm.com

**Counsel for Plaintiff**
**Nitetek Licensing LLC**

Formatted: Justified, Space Before: 0 pt, After: 0 pt, Line spacing: Double, Don't adjust space between Latin and Asian text, Don't adjust space between Asian text and numbers, Tab stops: 0.69", List tab

Formatted: Font: Not Bold

Formatted Table

Formatted: Justified, Space Before: 0 pt, After: 0 pt, Line spacing: Double, Don't adjust space between Latin and Asian text, Don't adjust space between Asian text and numbers, Tab stops: 0.69", List tab

Formatted: Justified, Space Before: 0 pt, After: 0 pt, Line spacing: Double, Don't adjust space between Latin and Asian text, Don't adjust space between Asian text and numbers, Tab stops: 0.69", List tab

Formatted: Justified, Space Before: 0 pt, After: 0 pt, Line spacing: Double, Don't adjust space between Latin and Asian text, Don't adjust space between Asian text and numbers, Tab stops: 0.69", List tab

Formatted: Normal, Tab stops: Not at 2.92" + 2.94" + 4.5" + 6"

Formatted: Centered, Position: Horizontal: Left, Relative to: Column, Vertical: In line, Relative to: Margin, Wrap Around

Formatted: Default Paragraph Font